This is a divorce case.
After an ore tenus hearing, the trial court divorced the parties. The wife, through able counsel, appeals, contending that the trial court erred in failing to award the wife alimony and in the division of property.
We find no such abuse of discretion as to require reversal and affirm.
Viewing the record with the attendant presumptions, the following is revealed:
The parties were married in October of 1982 and were divorced shortly thereafter, in January 1984. In fact, divorce proceedings were begun in the eleventh month of the marriage. At the time of the divorce, the husband was seventy-eight years of age and the wife, fifty-six.
The husband has assets totaling over $800,000 and a yearly income of more than $40,000. The wife is retired from the Social Security Administration with a monthly retirement income of approximately $1,100. Along with $13,000 worth of stock, the wife also has a $40,000 certificate of deposit from the sale of a home in May of 1983 that she owned prior to the marriage.
During the marriage, the parties jointly purchased a lot, borrowing 100% of the funds needed for the purchase. There was also evidence that the daily living expenses of the couple were provided from the husband's Social Security check and the wife did not contribute any of her income to the joint checking account.
The husband filed for divorce and alleged incompatibility of temperament and an irretrievable breakdown of the marriage relationship. There was no evidence of marital misconduct by either party.
The trial court ordered the wife to execute a quitclaim deed conveying her interest in the jointly owned lot and the husband was ordered to pay the indebtedness due on the property. The divorce decree also ordered the husband to pay the attorney's fees of the wife. Alimony was not awarded.
The areas of alimony and property division are matters that fall within the sound judicial discretion of the trial court, and the trial court's decision in regard to these subjects will not be disturbed on appeal absent a plain and palpable abuse of discretion. Rothchild v. Rothchild, 434 So.2d 794 (Ala.Civ.App. 1983). It is also true that, when a trial judge personally hears the evidence, the judgment appealed from is presumed correct on appeal and may not be altered if it is supported by legal evidence unless the trial court's decision *Page 818 
was palpably wrong. Cory v. Cory, 429 So.2d 1096 (Ala.Civ.App. 1983).
When making an equitable division of the property and in considering an award of alimony, some factors to be considered are the future prospects of the parties, their ages, sex, health, station in life, length of marriage, and the conduct of the parties in regard to the cause of the divorce. Masucci v.Masucci, 435 So.2d 120 (Ala.Civ.App. 1983).
After considering all the evidence, with particular emphasis on the brevity of the marriage, the wife's income, her separate estate, and the ages of the parties, this court cannot say that the trial court was plainly and palpably wrong and abused its discretion in disallowing alimony or in its division of property.
Both parties have requested attorneys' fees on appeal. The requests are denied.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.