This is a divorce case.
Linda Farris and Michael Farris were married in 1970, separated on July 19, 1987, and divorced on February 16, 1988. The trial court divorced the parties on the ground of incompatibility, awarded custody of the parties' two children to the father, awarded the mother visitation rights, divided the parties' real and personal property, and refused to award the mother alimony and attorney's fee. The mother appeals and contends that the trial court erred in awarding custody of the two children to the father, erred in its division of personal *Page 1042 
property, and erred by failing to award the mother alimony and attorney's fee.
The facts reveal that the parties had been married seventeen years when they separated on July 19, 1987. Until this time, the parties had lived in a house that they had purchased from the husband's father. On this date the mother left the marital home and moved into a mobile home she had purchased. She carried her two children, ages twelve and nine, with her.
The mother is employed at The Wedding Gallery in Enterprise, Alabama and earns a net of $146 per week plus a one percent commission on her sales.
The father lives in the marital home and works at Windham Power Lifts in Enterprise and earns a take-home pay of $218 per week. The father also receives income from the operation of United States Bass Tournament Trail, from parttime welding, and from the construction and sale of dog houses and fish cookers.
The evidence revealed that the husband was making mortgage payments on the marital home and that the wife was making mortgage payments on the mobile home. The parties testified to the items of personal property they deemed to be their property. The wife was awarded all the items of personal property on the list filed with the court.
The evidence shows that when the children are in the father's custody they get off the school bus in the afternoons at their paternal grandmother's house and stay with her until the father picks them up, usually around 4:00 p.m. He stated that he prepares their supper. The father also said that in the mornings he gives the children their breakfast and then takes them to his parents' house so that the children can catch the school bus.
When the children were with their mother they would have to get off the school bus at a neighbor's house in the afternoons and the mother would pick them up around 6:00 p.m.
The husband testified that he suspected his wife of committing adultery and he hired a private investigator to follow her. The investigator testified that he observed the wife meet a man in a parking lot, get in his pickup truck, and drive off with him. The wife also admitted going to Calloway Gardens, Georgia with a recently divorced man and spending the weekend with him.
Wife's first issue is that the trial court erred in awarding custody of the two children to the father.
In Ex parte Devine, 398 So.2d 686 (Ala. 1981), the supreme court held that the trial court in determining custody should consider a variety of factors, including:
 "The sex and age of the children are indeed very important considerations; however, the court must go beyond these to consider the characteristics and needs of each child, including their emotional, social, moral, material and educational needs; the respective home environments offered by the parties; the characteristics of those seeking custody, including age, character, stability, mental and physical health; the capacity and interest of each parent to provide for the emotional, social, moral, material and educational needs of the children; the interpersonal relationship between each child and each parent; the interpersonal relationship between the children; the effect on the child of disrupting or continuing an existing custodial status; the preference of each child, if the child is of sufficient age and maturity; the report and recommendation of any expert witnesses or other independent investigator; available alternatives; and any other relevant matter the evidence may disclose." (citations omitted)
We also said in Santmier v. Santmier, 494 So.2d 95
(Ala.Civ.App. 1986), that:
 "The primary concern in child custody cases is the best interest and welfare of the child. In the Matter of Terry, 494 So.2d 625 (Ala.Civ.App. 1985); McKinney v. Alabama Department of Pensions Security, 475 So.2d 568 (Ala.Civ.App. 1985). To that end, the trial court is given discretion in awarding custody and establishing visitation, and its determination of these matters will not be reversed, absent a showing of a clear *Page 1043 
abuse of that discretion. Lucero v. Lucero, 485 So.2d 347, 348 (Ala.Civ.App. 1986); McKinney, 475 So.2d at 570.
". . .
 "It is well within the trial court's discretion in an initial custody determination to consider, if appropriate, the fault or misconduct of either or both parties among the many factors it must consider in determining to whom custody should be awarded."
In the case at bar there was evidence that the children wished to be with the father and that, should they be placed in his custody, they would be living in the marital home, near their paternal grandparents, and in an area where they had friends. Also, there was evidence of the wife's misconduct which was a factor for the trial court to consider in awarding custody.
In view of the evidence, we cannot say that the trial court's judgment is so unsupported by the evidence as to be plainly and palpably wrong. Santmier, supra.
The wife also says that the trial court gave undue weight to the preferences of the children to be with their father.
Although the trial court said that it recognized the desire of the children to be in the custody of their father, the court also clearly said it was basing its award of custody on all the evidence in the case. Consequently, we do not find that the trial court gave undue weight to the children's preferences for their father as a custodian.
Wife's next contention is that the trial court committed error in not awarding her any alimony and in the division of the personal property.
The award of alimony and the division of property fall within the sound discretion of the trial court and are reviewable only for abuse of discretion. Bright v. Bright, 456 So.2d 1091
(Ala.Civ.App. 1984). In deciding whether to make such an award or division, the trial court may consider the earning ability of the parties, their probable future prospects, their age, health, sex, and station in life, the duration of the marriage, and the conduct of the parties in relation to the divorce.Huldtquist v. Huldtquist, 465 So.2d 1146 (Ala.Civ.App. 1984).
After a careful review of the record we are convinced that the trial court did not abuse its discretion in the division of personal property and the refusal to award wife alimony, especially in view of the receipt by wife of all the personal property she asked for and the evidence of wife's misconduct.
Finally, wife says that the trial court erred in failing to award her an attorney's fee.
The award of an attorney's fee in a divorce case rests in the sound discretion of the trial court, and the refusal to award a fee will not be reversed except for an abuse of discretion.Marsh v. Marsh, 496 So.2d 71 (Ala.Civ.App. 1986).
In view of the evidence in this case, we do not find that the trial court's refusal to award wife an attorney's fee is an abuse of discretion.
The judgment of the trial court is affirmed.
The husband's request for an attorney's fee on appeal is denied.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.