J. ED TEASE, Retired Circuit Judge.
This is a divorce case.
The sole question on appeal raised by appellant-husband is whether the trial court abused its discretion by awarding two parcels of real estate to the wife without making any award of real estate or monetary sums to the husband. We answer the question in the negative and affirm.
The parties were married on September 18,1973 and lived together until their separation in February 1988. No children were born to the marriage. Shortly before the marriage, the wife purchased one tract of real estate by making the down payment of $2,500 solely from her funds. The husband did pay approximately $230 in closing costs. Title was vested solely in the wife and the parties occupied this residence until buying the second residence in November of 1985 for $95,000. Both parcels were encumbered by first and second mortgages from the time of purchase until the divorce. At the trial, the evidence established the value of the first residence at $45,000 with two mortgages totaling $26,300. The appraisals of the second residence ranged from $95,000 to $120,000 with two mortgages totaling $92,413.
From 1973 through 1979, both parties worked, with the husband earning substantially more income than the wife. After a work-related injury in 1979, the husband earned little income during the years 1980 through 1983, although he did receive some amount of workmen’s compensation and unemployment benefits during part of that time. In 1984 the husband returned to work teaching at a technical school and continued to teach until quitting his job in 1986. He has earned little or no income since quitting his job. Since 1980 the wife has earned several times over the income earned by the husband.
The parties separated in February 1988 after an incident during which the wife was physically assaulted, according to her testimony. The husband’s testimony acknowledged an argument but denied any physical assault.
After an ore tenus proceeding the trial court divorced the parties and awarded both tracts of real estate to the wife, subject to the considerable mortgage indebted-nesses. The court ordered the personal property equally divided and required each party to assume and pay certain specified debts in rather modest amounts. The court awarded no alimony and required *81 each party to bear their respective legal expenses.
It is a well-established principle that, when a trial court is presented the evidence in a divorce case ore tenus, its judgment will be presumed to be correct and will not be set aside by this court unless it is so unsupported by the evidence that it is plainly and palpably wrong. Stricklin v. Stricklin, 456 So.2d 809 (Ala.Civ.App.1984); Abrell v. Abrell, 454 So.2d 1024 (Ala.Civ.App.1984); Brand v. Brand, 444 So.2d 866 (Ala.Civ.App.1984).
The matter of property division is committed to the sound discretion of the trial court and will not be reversed absent a showing of abuse of discretion. Stricklin, 456 So.2d at 810; Kyser v. Kyser, 456 So.2d 816 (Ala.Civ.App.1984); Abrell, 454 So.2d at 1025.
In making a division of property, a trial court should consider several factors, including the length of the marriage; the age and health of the parties; the future employment prospects of the parties; the source, type, and value of the property; the standard of living to which the parties have become accustomed during the marriage; and the fault of the parties contributing to the breakup of the marriage. Kyser, 456 So.2d at 818; Hinds v. Hinds, 415 So.2d 1122 (Ala.Civ.App.1982); Wilson v. Wilson, 404 So.2d 76 (Ala.Civ.App.1981); Cooper v. Cooper, 382 So.2d 569 (Ala.Civ.App.1980); Miller v. Miller, 361 So.2d 577 (Ala.Civ.App.1978).
The case of Nowell v. Nowell, 474 So.2d 1128 (Ala.Civ.App.1985), on which appellant relies is clearly distinguishable on the facts from the case at bar. In the Nowell case, wherein the husband was awarded all real estate to the exclusion of the wife, the wife was awarded custody of two children who had been accustomed to living in the residence. In addition, the breakup of the marriage in the Nowell case was based on incompatibility with no evidence of physical abuse by either party.
The judgment of the trial court, when viewed in light of the circumstances of this case, does not present an abuse of discretion. Its judgment is therefore due to be, and is, affirmed.
The foregoing opinion was prepared by Retired Circuit Judge J. ED TEASE while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.