Following an ore tenus proceeding, the trial court entered a judgment of divorce dissolving the marriage of Christine and Robert Sammons. The trial court awarded the marital residence to Robert Sammons (husband) upon payment of $15,000 to the wife as a divestiture of her interest in the property. As a result, the husband was ordered to pay the property's outstanding mortgage indebtedness. Also, the husband was ordered to pay the wife $800 per month as rehabilitative alimony and alimony in gross for three years from the date of the order. Each party was awarded the personal property in their possession, and the wife was awarded a 1985 Buick Riviera automobile and one-third of the present value of the husband's company savings plan. Also, the husband was required to maintain medical insurance on the wife for a three-year period and to pay her $750 as an attorney's fee.
The wife then filed a motion for new trial or, alternatively, to amend the judgment, and requested that the husband be required to maintain life insurance coverage for her benefit during the period she was to be dependent upon him for support.
The trial court subsequently amended its order to provide that, as long as the wife is dependent upon the husband for support, the husband must maintain enough life insurance to pay any expected balance of alimony. The wife then appealed.
The wife argues that the trial court abused its discretion in only awarding her rehabilitative alimony or, alternatively, in failing to reserve the right to award periodic alimony to the wife in the future. *Page 942 
Factors which the trial court may consider in deciding whether to award alimony include the earning ability of the parties, their probable future prospects, their age, health, and station in life, the duration of the marriage, and the parties' conduct in relation to the divorce. Farris v. Farris,532 So.2d 1041 (Ala.Civ.App. 1988).
As to the wife's alternate issue, we note that if a trial court fails to either award periodic alimony in the divorce decree or to reserve the right to do so upon subsequent consideration, the trial court's power to later grant alimony is permanently lost. Grimsley v. Grimsley, 545 So.2d 75
(Ala.Civ.App. 1989).
In a divorce action, the issue of alimony is within the sound discretion of the trial court, and its decision on this matter will not be overturned on appeal unless there is an abuse of discretion by the trial court. Ex parte Jackson, 567 So.2d 867
(Ala. 1990).
The record reflects that the parties married in March 1961, and separated in February 1988. At the time of trial, the wife was 50 years old and the husband was 53. No minor children were involved in these proceedings.
Currently, the husband is employed as a wood yard superintendent with Hammermill Paper Company, where he has worked since approximately 1966. He earns $63,708 per year and has two company savings plans worth approximately $100,000 combined. According to the husband's deposition and answers to interrogatories, he has a net worth of $100,000, net monthly income of $2,836, and gross monthly expenses of $3,400. Also, according to his testimony, he has had two heart attacks within the past few years and currently has several blocked arteries which may require surgery. The husband still lives in the marital home.
The wife currently lives in a mobile home in Phenix City which she rents from her brother for $200 per month. She is an LPN, but worked only about six and one-half years between the time of the marriage and the time of the separation from the husband. At the time of trial she was unemployed, and her total income was $800 per month, which she received from the husband.
At trial, Dr. Donald Blanton, a licensed professional counselor and psychotherapist, testified that he has treated the wife sporadically over the past 12 or 13 years for depression, alcohol-related problems, and paranoia. Because of these problems and related suicide attempts, the wife has been hospitalized on three or four occasions. Dr. Blanton testified that, in his opinion, the wife suffers from bipolar affective disorder, which is a manic depressive illness. Although he has not treated her since 1987, Dr. Blanton testified that people with this type of disorder rarely recover and, based on earlier diagnoses, the wife would qualify as disabled under Social Security guidelines. Dr. Blanton noted, however, that the use of alcohol complicates the treatment of bipolar affective disorder.
Concerning the use of alcohol, the wife testified that she did not drink when the marriage first began, but that the husband drank occasionally. She testified that the husband's drinking intensified when he was promoted to a management position at work. The wife also testified that she did not start drinking until around 1983, when the husband stayed out late one night with some of his friends. The husband, however, testified that the wife drank even before their marriage and that her drinking intensified five or six years prior to trial. The wife admitted in testimony that alcohol contributed to her problems with depression, but, despite warnings from her doctor, she continued to drink. She testified, however, that she later quit drinking when the husband had a heart attack.
The wife testified that she also has a heart condition known as mitral valve prolapse, high blood pressure, and that in 1988 she had a hysterectomy. In 1989, she was denied health insurance. She also testified that the last time she was employed was in 1989 when she worked for her son's girlfriend in a weight loss clinic. However, this job only lasted about three weeks due *Page 943 
to disputes over pay and work hours. The wife testified that, although she was able to work then, her depression is severe enough now to prevent her from working. According to the wife's testimony, she separated from the husband in February 1988, shortly after the death of their grandchild, and took with her several items of personal property.
Concerning the separation, the husband testified that he came home from work one day and found that the wife had left with nearly all of the household furniture. The husband also testified that he has been seeing a Miriam Fortner for the past 14-15 months, but that he did not know her at the time of his separation from the wife.
We have carefully considered the record evidence in light of the previously-mentioned standards. In so doing, we cannot say that the trial court's decision to only award rehabilitative alimony or alimony in gross is unsupported by the evidence or otherwise palpably wrong.
However, considering the earning ability of the parties, their probable future prospects, their age, health, and station in life, and the length of the marriage, we find that the trial court erred when it failed to reserve the right to award the wife periodic alimony in the future. Farris.
Accordingly, this case is affirmed in part, reversed in part, and remanded to the trial court to reserve the right to award periodic alimony in the future.
The wife's request for a reasonable attorney's fee on appeal is granted in the amount of $500.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
THIGPEN and RUSSELL, JJ., concur.