The wife appeals from the trial court's judgment divorcing the parties, equally dividing funds resulting from the sale of marital assets, awarding each of the parties custody of one of their two children, ordering the husband to pay $300 per month child support, and awarding the wife $1,000 per month alimony for three years, contingent on her attending college and "successfully completing the curriculum." We affirm in part and reverse in part.
At the outset we note that when evidence is presented ore tenus, a presumption of correctness attaches to the trial court's judgment. Blankenship v. Blankenship, 534 So.2d 320
(Ala.Civ.App. 1988). Furthermore, the determination of the award of alimony lies within the trial court's discretion, and the judgment will be set aside only if that discretion has been abused. Cliett v. Cliett, 564 So.2d 997 (Ala.Civ.App. 1990). *Page 302 
However, the judgment is subject to review and revision.Seamon v. Seamon, 587 So.2d 333 (Ala.Civ.App. 1991).
The record reveals that, at the time of the divorce, the parties had been married over thirteen years. One child was born of the marriage, and the wife's child from a prior marriage was adopted by the husband. The husband also had legal custody of his two children from a prior marriage, although, at the time of the divorce, one of those children was no longer a minor and the other had moved back with the husband's ex-wife.
The husband is a certified welder and a pipe fitter and is employed as a "multi-craft mechanic" earning $19.54 an hour. In 1989 he earned $59,312. In 1990 he earned $64,475, which included overtime and $3,500 for signing a contract eliminating his double time on Sundays. In addition, his income through June 1991 was $30,292. At the time of the trial, however, the husband testified that, because he would no longer be working at night, and would not be receiving double pay on Sundays, his income would be reduced to approximately $40,000 a year. He also receives $354 per month in Veterans Administration benefits and is earning a small income from the sale of jewelry. The husband's attorneys in their brief state that his monthly income will be approximately $3,790.
The wife works as a "domestic housecleaner" and earns a maximum of $700 per month. She testified that she has back and foot problems and that her physician has recommended that she quit her job. The wife cared for the children during the marriage, and from 1982 until 1989, the wife also cared for the husband's two children from the previous marriage. In 1989 one of the husband's children from the previous marriage left to live with his mother.
The marital residence, a lot adjoining the residence, several horses and equipment, and farm equipment were sold, and the net proceeds of these sales was between $61,000 and $64,700. The trial court ordered the proceeds equally divided between the parties after certain debts were paid.
The wife first contends that the trial court erred in equally dividing the funds from the sale of the parties' assets. She claims that, considering the factors to be used in the division of property, the equal division was not equitable. She states that the husband was at fault in causing the divorce because of his physical and verbal abuse of her, that the payment of the husband's credit union debt from the funds derived from the sale of the assets was not equitable, and that future employment prospects dictate that she receive more than half of the proceeds. The wife also cites several cases in which the wife was favored in the division of assets.
Factors which should be considered by the trial court in making a division of property include the parties' ages, health, and future employment prospects; the length of the marriage; the source, type, and value of the property; the parties' accustomed standard of living; and the fault of the parties in the breakup of the marriage. Morrison v. Morrison,540 So.2d 80 (Ala.Civ.App. 1989).
In the present case the evidence heard by the trial court regarding fault in the breakup of the marriage was conflicting. Regarding the wife's claim that the payment of the husband's credit union debt from the sale proceeds of the marital assets was inequitable, she refers to no record evidence indicating that the credit union funds were used to pay for his separate debts, such as his attorney's fees. In addition, the cases cited by the wife are all cases in which the trial court's judgment was affirmed. Considering this court's standard of review, we cannot find that the trial court abused its discretion in the equal division of funds from the sale of assets.
The wife next contends that the trial court erred in setting child support at $300 per month. She claims that the computation of child support pursuant to the child support guidelines, Rule 32, Alabama Rules of Judicial Administration, should result in an award of child support of either $597.53 or $444.07. She states that the former amount was based on the husband's past income, that the latter amount was based on his projected income, and that the amounts suggested are the difference between the husband's child support *Page 303 
that would be due to the wife and the wife's child support that would be due to the husband. She has allowed the husband credit for a pre-existing child support payment in the amount of $500 a year, the amount that the husband's minor child from the previous marriage testified was the maximum amount that he received from the husband a year.
The husband responds by saying that he has transferred to the day shift, thereby reducing his income, so that he may be at home in the evenings with his son. He submitted child support computations for each child, in which he shows a net amount of child support to the wife of $257.70. He states that he imputed income to the wife of $1,000, an amount greater than the $700 that the wife testified was the maximum that she earned per month. He also deducted $777 from his income for "imputed preexisting child support obligation" for the two children of the previous marriage, pursuant to Rule 32(B)(6). One child is living with his mother in Texas, and the other child is the twenty-year-old son who is presently in college.
The husband claims to have a "preexisting obligation" of college support for the twenty-year-old son. Although we find commendable any college support that the husband provides, in the absence of a court order, we hold that such support is not an "imputed preexisting child support obligation" as provided in Rule 32. We further hold that, because there is no evidence other than the husband's testimony regarding his change in work shifts and decrease in pay, determination of the support should be based on the husband's past and present earnings, rather than his projected earnings.
We are unable to determine from the arguments presented in the parties' briefs, from the trial court's order, or from the record how the trial court determined that child support according to the guidelines should be $300. There is a rebuttable presumption that the application of the child support guidelines will result in the correct amount of child support being awarded. Rule 32(A). The presumption may be rebutted by a "written finding on the record that the application of the guidelines under the following criteria would be unjust or inappropriate" . . . (ii) "[u]pon a finding of fact, based upon evidence presented to the court, the court determines the application of the guidelines would be manifestly unjust or inequitable." Id. The trial court made no such finding. Therefore, the part of the trial court's order awarding child support is reversed and remanded with instructions for the trial court either to enter a written finding on the record that the application of the guidelines would be unjust or inappropriate or to award an amount of child support commensurate with the child support guidelines.
The wife also contends that the trial court erred in setting alimony at $1,000 per month, conditioned on her enrolling in an accredited college or university. The trial court's order provides as follows:
 "According to testimony the wife has approximately 1 year of accredited college credits. In order to enable the wife to complete her education and to become self-supporting, the husband shall provide alimony in the amount of $1,000 per month. Said alimony payment shall be paid so long as the wife enrolls as a full time student in an accredited college or university within 6 months of this decree, and shall be paid for a period of up to three calendar years. Said alimony payments shall commence on month of enrollment, shall be due on the 1st day of each month, and shall continue until three calendar years has passed, notwithstanding summer vacation, or until she has obtained a degree, whichever occurs first. The wife must successfully complete the curriculum in order to be eligible for said alimony payments."
(Emphasis supplied.)
The wife claims that the limitations placed on the grant of alimony are unacceptable criteria, that the three-year limit on the alimony is palpably wrong, and that the factors to be considered in the grant of alimony commands the payment of alimony without qualification.
The factors to be considered in the award of alimony are the earning capacity and future prospects of the parties, their ages and health, the length of the marriage, the standard of living during the marriage, and the parties' conduct.Seamon v. Seamon, 587 So.2d 333. Considering the husband's *Page 304 
income, and the wife's income, the future prospects of the parties, and the thirteen year marriage, during which the wife cared for the home and the children, we hold that the trial court erred in awarding the wife $1,000 in alimony for three years with the stipulations that it attached to the award. Therefore, we reverse that part of the trial court's order setting alimony and remand for the trial court to determine an amount of periodic alimony that would be consistent with the above enumerated factors. In the alternative, if the trial court still determines that rehabilitative alimony is appropriate, it should grant such alimony without the requirements that the wife enroll in an "accredited college or university within 6 months of this decree," that payments begin when she enrolls, and that she will only be eligible for the alimony payments if she successfully completes the curriculum. The trial court should also reserve the right to continue the alimony at the termination of the rehabilitative alimony.
Finally, the wife contends that the trial court erred in failing to award an attorney's fee to her. The grant of attorney's fees is within the trial court's discretion, and the trial court's decision on the matter will not be reversed absent an abuse of discretion. Chambliss v. Chambliss587 So.2d 406 (Ala.Civ.App. 1991). We find no such abuse here. Therefore, the part of the trial court's order regarding attorney's fees is affirmed.
The judgment is affirmed in part; reversed in part; and remanded with instructions for the trial court to enter an order consistent with this opinion.
The wife's request for attorney's fees for representation on appeal is granted in the amount of $800. The husband's request for attorney's fees for representation on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.