On September 9, 1998, after 10 years of marriage, Dale Edward Fowler sued Cheryl McCulley Fowler for a divorce, alleging incompatibility of temperament and an irretrievable breakdown of the marriage. He sought shared custody of the parties' three minor children born of the marriage, with the children residing primarily with the mother. The mother answered and counterclaimed, seeking custody of the children, child support, alimony, and an equitable division of all the marital property. The father amended his complaint to seek sole custody of the children. In April 1999, the court entered a temporary order, ordering the father to continue making payments on the marital residence and to list the residence for sale; awarding the mother physical possession of the marital residence; and ordering the father to pay $1,100 per month in child support and to maintain health insurance for the three children.
Following an ore tenus proceeding, the court, on August 18, 1999, entered a judgment divorcing the parties. The judgment stated, in part:
 "4. The parties stipulated and it is ORDERED by the Court that the care, custody and control of the three minor children of the parties, namely: [M.F., P.F. and H.F.], be shared by both parties. The [father] and [the mother] understand that shared custody means both parents shall retain full parental rights and responsibilities with respect to their child regardless of which party has physical custody at any particular time. The [mother] shall maintain the primary residence for the said minor children. . . .
". . . .
 "6. The [father] shall pay to the [mother] for the support and maintenance of the said minor children, the sum of $900.00 per month for the calendar months [the mother] occupies the homeplace as set forth in Paragraph 8 hereunder. Once the [mother] vacates the homeplace, the child support shall be increased to $1,100.00 beginning the calendar month following the [mother's] vacating the homeplace. . . . *Page 493 
 "Further, the [father] shall be allowed to claim the three (3) minor children for State and Federal income tax purposes.
 "The Court finds the $1,100.00 per month child support is in compliance with the Child Support Guidelines established by Rule 32, A.R.J.A. However, the $900.00 per month child support and the claiming by the [husband] of the children for income tax purposes are deviations from the Child Support Guidelines as: [the mother] is being allowed to use the homeplace as mentioned in Paragraph 8 hereunder and which [the father] is paying three (3) mortgages thereon; the [mother] is unemployed and has no income; and the [father] provides all the medical insurance of the said minor children and pays one-half of non-covered medical and dental bills. . . .
". . . .
 "8. The [father] shall be awarded the ownership of the homeplace of the parties. . . . However, notwithstanding [the father's] ownership, [the mother] shall be allowed the sole and exclusive possession of said homeplace until the said homeplace is sold, or until the expiration of one year from the date of this Final Judgment of Divorce, whichever first shall occur. . . .
 "The [father] shall be responsible for and hold harmless [the mother] on the three mortgages on the said homeplace owed to Colonial Mortgage, Linda Pope and First Commercial Bank of Birmingham.
 "9. The [father] shall pay to [the mother] the sum of $500.00 per month rehabilitative alimony for a period of sixty (60) consecutive months or until the [mother] should die, or remarry, or the [mother's] cohabitation under the provisions of Alabama Code Section 32-2-55, or until the [father] shall die, whichever occurs first. Such payments shall begin the 15th day of the month following the [mother's] vacating the homeplace.
". . . .
 "11. The [mother] is awarded 50% of the Mass. Mutual [sic] whole life policy, said cash surrender value being approximately $11,000.00.
 "12. The [mother] is awarded the 1998 Chrysler automobile and [the mother] shall be responsible for and shall pay one-half the monthly indebtedness thereon until the lease term expires. [The mother] shall maintain at her expense the car insurance thereon.
 "13. [The father] is awarded the following items of personal property:
". . . .
"(z) His [401(k)] retirement plan;
"(aa) All bank accounts in [the father's] name;
 "(bb) Fifty percent (50%) of the cash surrender value of the $250,000.00 Mass. Mutual life insurance whole life policy, said cash surrender value being approximately $11,000.00;
". . . .
 "15. In addition to the three mortgage indebtedness[es] shown above, the [father] shall be liable for and pay the credit card debts of the parties and one-half (1/2) of the lease payment on the 1998 Chrysler automobile (until the lease term expires), said one-half (1/2) to be paid to the [mother] at least ten (10) days prior to the due date of the monthly payment.
 "16. The [father] shall pay to the [mother's] attorney, . . ., the sum of $24,860.68 in representing [the mother] in this cause."
Both the mother and the father filed postjudgment motions. On November 16, 1999, the court entered an amended judgment, which is not pertinent to the issues raised on appeal.
The mother appealed, arguing that the court erred in failing to properly calculate child support according the Child Support Guidelines; in failing to award her periodic alimony, or, in the alternative, to reserve *Page 494 
the right to award periodic alimony; and in failing to award her a share of the father's retirement account.
The parties were married in August 1988. The mother had had one child born out-of-wedlock. Both parties stated that the father had raised and supported the mother's out-of-wedlock child as his own. Triplets were born in September 1995; the mother and the father stated that one of the triplets was a special-needs child, having been born with a medical condition that requires occupational and physical therapy.
The father, who was 38 years old at the time of the hearing, testified that he had been a certified public accountant since 1984; that he had been the sole provider for the family; that he had become self-employed within the past year; and that his current monthly earnings were $6,000 to $6,600. He submitted two CS-41 forms, showing an income of $6,000 to $6,600 per month. He stated that when he had been employed for a Birmingham accounting firm he had earned $115,500 in 1998, $117,336 in 1997, and $113,556 in 1996, and that his projected earnings for his new business were $80,000 for the first year. The father's current expenses included three mortgages on the marital residence, totaling payments of $2,357 per month; $2,500 in rental payments for his business; $461 per month for health insurance; payments on two credit cards with balances of $5,000 to $6,000; and $1,100 in temporary monthly child support. The father stated that he had a 401(k) plan in which he had transferred $3,000 prior to the marriage; that the current value was approximately $43,561; and that he had a $250,000 life insurance policy on his life with his mother as the primary beneficiary.
The mother, who was 34 years old at the time of the hearing, stated that she had been a homemaker throughout the marriage and that she had primarily cared for the children, particularly the child with special needs. She further stated that before the marriage she had worked for a company that printed T- shirts and that both parties had agreed that she would not work during the marriage. She said that she did not have any financial resources other than the support provided by the husband and that she had not brought any furniture or other possessions to the marriage.
As to the issue of child support, this court has consistently held that the application of Rule 32, Ala. R. Jud. Admin., is mandatory in child-support actions filed on or after October 9, 1989. State ex rel. Dep't of Human Resources v. Hogg,689 So.2d 131 (Ala.Civ.App. 1996). A trial court may deviate from the child-support guidelines in determining a child-support amount; however, any deviation is improper if it is not justified in writing. In Martin v. Martin, 637 So.2d 901, 902
(Ala.Civ.App. 1994), this court issued the following directive:
 "We hold, therefore, that the word `shall' in Rule 32(E), Ala. R. Jud. Admin., mandates the filing of a standardized Child Support Guidelines Form and a Child Support Obligation Income Statement/Affidavit Form."
The record contains a CS-41 form for each party; however, the record does not contain the CS-42 form, as required by the Child Support Guidelines, Rule 32(E). Although the court stated in paragraph 6. of the judgment its reason for deviating from the guidelines, this court cannot discern how the trial court determined the monthly child-support obligation. Therefore, that portion of the judgment regarding the father's child-support obligation is reversed and the case is remanded for the trial court to file a completed and signed CS-42 Child Support Guidelines Form indicating the proper support obligation. SeeState ex rel. Dunnavant v. Dunnavant, 668 So.2d 851
(Ala.Civ.App. 1995). If the court determines that application of the guidelines would be manifestly unjust or inequitable, and then deviates from the guidelines in setting a support obligation, *Page 495 
it must make the findings required by Rule 32(A)(ii). Hogg, supra. Additionally, if the court determines that the father, as the noncustodial parent, is entitled to the tax exemption for the children, it must state its reason, as required by Rule 32. SeeWashington v. Washington, 738 So.2d 1283 (Ala.Civ.App. 1999).
In reviewing a judgment of the trial court in a divorce case, where the trial court has made findings of fact based on oral testimony, we are governed by the ore tenus rule. Hartzellv. Hartzell, 623 So.2d 323 (Ala.Civ.App. 1993); Hall v.Mazzone, 486 So.2d 408 (Ala. 1986). Matters of alimony and property division rest soundly within the trial court's discretion, and rulings on those matters will not be disturbed on appeal except for a plain and palpable abuse of discretion. Welchv. Welch, 636 So.2d 464 (Ala.Civ.App. 1994). Matters of alimony and property division are interrelated, and the entire judgment must be considered in determining whether the trial court abused its discretion as to either of those issues. Willing v.Willing, 655 So.2d 1064 (Ala.Civ.App. 1995). Factors the trial court should consider in its award of alimony and its division of property include the earning abilities of the parties; the future prospects of the parties; their ages and health; the duration of the marriage; their station in life; the marital properties and their sources, values, and types; and the conduct of the parties in relation to the marriage. Id., at 1067. Further, a division of marital property in a divorce case does not have to be equal, only equitable, and a determination of what is equitable rests within the sound discretion of the trial court. Id.
After thoroughly reviewing the evidence, we cannot say that the court erred in awarding only rehabilitative alimony or in not awarding the mother a portion of the father's 401(k) retirement plan. The court awarded the mother $500 per month in rehabilitative alimony for 60 months. This court has defined rehabilitative alimony as "a sub-class of periodic alimony" that allows a spouse "time to reestablish a self-supporting status."Jeffcoat v. Jeffcoat, 628 So.2d 741, 743 (Ala.Civ.App. 1993). We have previously held that when the court awards rehabilitative alimony based on the earning ability of the parties, their probable future prospects, and the length of the marriage, it is reversible error for the court not to reserve the right to award periodic alimony in the future. See Robinson v. Robinson,623 So.2d 300 (Ala.Civ.App. 1993); Sammons v. Sammons, 598 So.2d 941
(Ala.Civ.App. 1992). Therefore, considering the mother's potential earning capacity as compared to the father's, her role as the primary homemaker, and her limited job skills, we conclude that the court erred in failing to reserve the issue of periodic alimony. Accordingly, we reverse the judgment as to that issue and remand the case for the trial court to reserve the right to award periodic alimony in the future.
The wife's request for an attorney fee on appeal is granted in the amount of $1,000.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
Robertson, P.J., and Monroe and Thompson, JJ., concur.
Crawley, J., concurs in part and dissents in part.