I concur with all parts of Judge Yates's opinion except that part reversing the award of rehabilitative alimony and remanding with instructions "to reserve the right to award periodic alimony in the future." I was not a member of this court when Robinson v. Robinson, 623 So.2d 300 (Ala.Civ.App. 1993), and Sammons v. Sammons, 598 So.2d 941 (Ala.Civ.App. 1992), were decided, and I do not agree with the implied holding of those cases that an award of rehabilitative alimony does not *Page 496 
reserve the issue of whether to award periodic alimony in the future.
I think when a judge awards rehabilitative alimony (which is, itself, a kind of periodic alimony), he necessarily reserves the right to award other or further periodic alimony at some later date, should circumstances warrant. See Paulson v.Paulson, 682 So.2d 1060, 1064 (Ala.Civ.App. 1996); Davis v.Davis, 636 So.2d 456, 457 (Ala.Civ.App. 1994).