THOMAS, Judge,
concurring in part and concurring in the result in part.
I concur in the portion of the main opinion affirming the division of property. Regarding the reversal of the judgment insofar as it failed to reserve the right to award permanent periodic alimony in the future, I concur only in the result. Although I authored Giardina v. Giardina, 987 So.2d 606 (Ala.Civ.App.2008), I have reconsidered the issue whether we should reverse a judgment when the trial court fails to reserve the right to award something they have already awarded.
As I noted in Giardina, older cases decided by this court noted that an award of rehabilitative alimony could be modified upon a proper showing, provided that the recipient moved for a modification before the expiration of the term of rehabilitative alimony. See Welch v. Welch, 361 So.2d 1090 (Ala.Civ.App.1978), and Banks v. Banks, 336 So.2d 1365 (Ala.Civ.App.1976). In Beckwith v. Beckwith, 475 So.2d 575, 576-77 (Ala.Civ.App.1985), we considered an argument that the trial court, which had awarded alimony for a one-year period, had erred by failing to reserve the right to award periodic alimony in the future. After noting that the decision whether to reserve the right to award alimony is within the sound discretion of the trial court, we noted that the trial court had the power, prior to the expiration of the one-year period, to modify the original award of alimony. Beckwith,, 475 So.2d at 576-77. Certainly, we have also held that, without reservation of the right to award further periodic alimony, the expiration of a limited alimony award terminates forever the trial court’s right to modify or to award alimony. Gargis v. Gargis, 367 So.2d 476, 478 (Ala.Civ.App.1978). However, it is clear that when a trial court awards limited or “rehabilitative” alimony the trial court has in fact exercised its power to award alimony and may modify that award at any time before the right to receive that alimony expires. Why then must the trial court reserve the power to *1263 award something that it has already awarded?
Beginning in the early 1990s this court began reversing judgments when the trial court failed to specifically reserve the right to award periodic alimony, despite the fact that the trial court had awarded rehabilitative alimony in the divorce judgment. See Robinson v. Robinson, 623 So.2d 300 (Ala.Civ.App.1993); Sammons v. Sammons, 598 So.2d 941 (Ala.Civ.App.1992). Robinson and Sammons are two of the cases most often cited for the proposition that the failure to reserve the right to award periodic alimony in conjunction with an award of rehabilitative alimony is error. Upon further review of those cases, I have concluded that neither has any legal underpinning for that holding.
In Robinson, this court reversed the rehabilitative-alimony award with instructions to the trial court to delete certain restrictions on that award. Robinson 623 So.2d at 304. After those instructions, this court, without citation to any authority, further ordered the trial court to reserve the right to award periodic alimony. Id. In Sammons, although this court affirmed a trial court’s award of only rehabilitative alimony to the wife, we reversed the trial court’s judgment for failing to reserve the right to award periodic alimony, citing Farris v. Farris, 532 So.2d 1041 (Ala.Civ.App.1988). Sammons, 598 So.2d at 943. An examination of Fanis, however, reveals no support for the reversal. In Far-ris, we affirmed the trial court’s judgment failing to award the wife any alimony. Fanis, 532 So.2d at 1043.
Because, after further examination of these competing lines of cases, I cannot see a reason to perpetuate the reversal of divorce judgments solely because they do not contain what I perceive to be an unnecessary reservation, I would no longer apply the progeny of Sammons and Robinson. However, because the wife in the present case appealed based on our longstanding practice of reversing a judgment when the trial court fails to reserve the right to award periodic alimony when awarding rehabilitative alimony and because the wife’s short-lived rehabilitative-alimony award expired during the pen-dency of this appeal, I agree, in this case, that a reversal under the longstanding, but unnecessary, principle is warranted. Therefore, I concur in the result of that portion of the main opinion.
PITTMAN, J., concurs.