MOORE, Judge.
David Dudley Crum (“the former husband”) petitions this court for a writ of mandamus directing the Lee Circuit Court (“the trial court”) to conduct a hearing for the purpose of determining whether he has satisfied the property-division provisions of a judgment divorcing the former husband from Catherine Mida Crum (“the former wife”). We deny the former husband’s petition.
The trial court entered a judgment on August 18, 2011, divorcing the parties; among other things, that judgment ordered the former husband to pay periodic alimony to the former wife in the amount of $3,500 per month. Following the filing of postjudgment motions by both parties, the trial court entered a judgment on February 16, 2012 (“the revised judgment”), which rescinded the periodic-alimony award and provided for an award of property to the former wife in the amount of $2.75 million in lieu of periodic alimony. The revised judgment provided, in pertinent part:
“(d) The [former] wife is awarded a judgment against the [former] husband in the amount of two million, seven hundred and fifty thousand dollars ($2,750,-000.00). This judgment is intended to provide support for the [former] wife in lieu of periodic alimony, as well as constituting a division of the parties’ marital assets.
“(e) The judgment shall be satisfied by the following methods:
“(i) the [former] husband may pay the [former] wife in cash received from the conversion of certain business interests belonging to him; or
“(ii) the [former] husband may pay the [former] wife by transferring certain business interests belonging to him to the [former] wife in such an amount, which shall be determined by a Special Master, as would satisfy the judgment; or
*941 “(in) the [former] husband may pay the [former] wife by a combination of the methods listed above.
“At any time, the [former] husband may satisfy the judgment on his own, and he shall retain ownership of all business interests not otherwise converted or transferred for the satisfaction of this judgment.
“(f) The award of a property division in lieu of periodic alimony to the former wife is a final judgment as to the division of property in this matter. However, the Court reserves jurisdiction over the procedures necessary for the valuation, conversion or transfer of the [former] husband’s business interests; jurisdiction shall be reserved until the judgment to the [former] wife, the judgment to the Guardian ad Litem, and the parties’ responsibilities for the payment of expert fees, as set out in prior orders, have been fully satisfied.”
(Headings and footnotes omitted.)
Subsequently, the former husband filed several motions with the trial court in which he asserted that he had decided to transfer, or had actually transferred, certain ownership interests in several limited-liability companies to the former wife. The former husband moved the trial court to deem the revised judgment satisfied by the transfers. On April 2, 2013, the former wife filed a response to the former husband’s motions, indicating that she would not accept the transfers in satisfaction of the revised judgment because of a dispute as to the value of the companies. On February 6, 2014, the former husband filed a motion in which he requested a hearing to declare the revised judgment satisfied or to set aside the revised judgment as being no longer equitable and to restructure the property division. On that same date, the trial court entered an order that stated, in pertinent part:
“The second option [for payment of the property division by the former husband in the revised judgment] has become unavailable because the parties have not moved forward with employment of a Special Master. Unilateral transfer of business interests has no cash value without the approval of a Special Master. Therefore, the [former husband’s] options for satisfying the [revised] judgment are limited to paying cash as a result of converting business interests or paying cash from some other source. The [former husband] cannot satisfy the [revised] judgment in-kind unless the [former wife] agrees to accept the transferred property and assets in partial or total satisfaction of the [revised] judgment. The [former wife] has filed written notice that she does not accept the transfers made by the [former husband]. (See April 2nd, 2013, Response to Motion). Accordingly, any motion by the [former husband] to deem the [revised] judgment[ ] satisfied by the transfer of [certain ownership interests] is DENIED. (See December 11th, 2012 Motion for Satisfaction of Judgment).”
The former husband filed a notice of appeal to this court on March 14, 2014. This court requested letter briefs regarding whether the trial court’s February 6, 2014, order was final such that it would support an appeal; both parties submitted letter briefs to this court. Following those submissions, this court notified the parties that the former husband’s notice of appeal would be treated as a petition for a writ of mandamus. We have restyled the matter accordingly.
“ ‘A writ of mandamus is an extraordinary remedy, and it “will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do *942 so; 8) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.” ’ ”
Ex parte Monsanto Co., 862 So.2d 595, 604 (Ala.2003) (quoting Ex parte Butts, 775 So.2d 173, 176 (Ala.2000), quoting in turn Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993)).
The former husband argues that he is entitled to a hearing before the trial court to ascertain the value of the ownership interests he intends to transfer to the former wife. We disagree. By the unambiguous terms of the revised judgment, the trial court provided that the former husband could satisfy the $2.75 million property award by “transferring certain business interests belonging to him to the [former] wife in such an amount, which shall be determined by a Special Master, as would satisfy the judgment.” (Emphasis added.)
Rule 53, Ala. R. Civ. P., authorizes the referral of a matter to a special master and sets out the procedure to be followed in the event of such a referral. Rule 53(b) provides, in pertinent part, that, “in actions to be tried without a jury, save in matters of account and of difficult computation of damages, a reference shall be made only upon a showing that some exceptional condition requires it.” A trial court may, within its discretion, refer to a special master the task of valuing ownership interests in closely held companies for the purpose of dividing property in a divorce case. See, e.g., Grelier v. Grelier, 63 So.3d 668 (Ala.Civ.App.2010). Based on the language in the- revised judgment, the trial court unmistakably referred the question of valuation of the former husband’s ownership interests to a special master in the event the former husband elected to pay the property award through an in-kind transfer. The former husband maintains that the trial court amended its order requiring the use of a special master to value the property, but we find no such amended order in the record. Any reference the trial court might have made indicating that the parties had elected to forgo the option of using a special master did not amount to an effective amendment of the revised judgment as the former husband contends.
We also conclude that the trial court did not create any ambiguity in the revised judgment by reserving to itself continuing jurisdiction over the procedure for valuation. Under Rule 53(e), a special master reports his or her findings to the trial court, and the trial court may adopt or reject those findings. Hence, the final determination of the matter referred remains with the trial court. By retaining jurisdiction over the valuation procedure, the trial court merely complied with Rule 53 by reserving the right to finally decide the issue of valuation based upon the report of the special master.
The former husband did not file any objection to the trial court’s reference of the matter to a special master, and he did not follow the procedure set out in Rule 53 to obtain a report from a special master as to valuation. The materials before this court do not clearly set out why the special-master process failed, but, whatever the reason, it remains undisputed that a special master did not issue a report approving of the in-kind transfer, which was the sole method under the terms of the revised judgment by which the former husband could satisfy the judgment in that manner.
former husband maintains that he has a right to a hearing before the trial court on the question of the value of the ownership interests he intends to transfer to the former wife. However, the former husband has not cited to this court any legal authority requiring a trial court to conduct a hearing on an issue previously referred to a special master. See Rule 28(a)(10), Ala. R. Civ. P. We agree that the trial court has the authority to value an *943 ownership interest in a closely held corporation for the purpose of dividing property in a divorce case, but we do not agree that the trial court has an imperative duty to •undertake that arduous analysis when it has expressly referred that matter to a special master. In so ruling, we note that the trial court has not deprived the former husband of the option of transferring his ownership interests; the trial court simply retained the condition in its revised judgment that any in-kind transfer would have to be first approved by a special master. The former husband may still avail himself of that procedure should he choose that route for payment.
Because the former husband has failed to meet his burden of demonstrating a clear legal right to the relief sought, we deny the petition for the writ of mandamus.
PETITION DENIED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.