This case involves post-divorce proceedings.
The parties were divorced in 1987. As a part of the divorce, the husband was ordered to make the monthly mortgage payments on the mobile home in which the wife and the children resided and to make child support payments to the wife. In September, 1989, the husband filed a petition to modify, requesting to be relieved of the monthly mortgage payments and to have the support payments reduced. The wife counterclaimed, asking the court to hold the husband in contempt for willful failure to make the mortgage and support payments. After an ore tenus proceeding, the trial court denied the husband's modification requests, declared the husband in contempt, and entered an arrearage. The husband appeals.
Three issues are raised by the husband on appeal, namely: (1) Did the trial court abuse its discretion in denying the husband's request to make an official court reporter available; (2) Did the trial court abuse its discretion in denying the husband's petition for modification; and (3) Did the trial court abuse its discretion in not applying the child support guidelines?
The husband's argument regarding the denial of the court reporter is without merit. Reviewing the record, we find that the husband, as petitioner for a modification hearing, had the responsibility of making arrangements for a court reporter based on court policy. Additionally, minutes *Page 56 
before the hearing when the husband expressed to the court that he wanted a reporter, the court offered him an opportunity for a continuance, which would have allowed him time to make the arrangements for a court reporter. The husband refused the court's offer. In essence, the husband is asking for this court to hold the trial court in error for a choice the husband made regarding the court reporter.
An appellant bears the burden of ensuring that the record contains sufficient evidence to warrant reversal. Matter ofColeman, 469 So.2d 638 (Ala.Civ.App. 1985). When an official record is unavailable, reconstruction of the record by the parties is an accepted procedure. Perkins v. Perkins,465 So.2d 414 (Ala.Civ.App. 1984). Although there is no transcript of the hearing in the instant case, the parties have substantially complied with Rule 10(d), A.R.App.P., providing this court with a concise record for review in this appeal and revealing certain pertinent facts. The husband supplied his statement of the evidence, the wife objected and requested additions, and the trial court supplied a settlement of the record. On one occasion, the trial court allowed the husband to supplement the record, pursuant to Rule 10(f), A.R.App.P., and to provide additional documentation several weeks after the trial court had supplied a settlement of the record.
At the outset, we note that when evidence is presented to the trial court ore tenus, a presumption of correctness attaches to the judgment and we will affirm the judgment when it is supported by competent evidence unless it is shown to be palpably wrong. Blankenship v. Blankenship, 534 So.2d 320
(Ala.Civ.App. 1988).
The alimony, child support, and subsequent modifications of such, of which the husband complains, are matters that rest soundly within the trial court's discretion and will not be disturbed on appeal absent an abuse of discretion or that its determination is plainly and palpably wrong. Brannon v.Brannon, 477 So.2d 445 (Ala.Civ.App. 1985); Mullins v.Mullins, 475 So.2d 578 (Ala.Civ.App. 1985).
A lengthy discussion of the facts in the instant case would add nothing to existing law due to the numerous cases on this subject. We have thoroughly and carefully reviewed the entire record and are not persuaded that the trial court abused its discretion as there is sufficient evidence in the record supporting its judgment.
The husband's contentions regarding the child support guidelines are also without merit. Rule 32(A)(2)(i), A.R.J.A. provides that "The provisions of any judgment respecting child support shall be modified . . . only upon a showing of a material change of circumstances that is substantial and continuing." In the instant case, the husband failed to make a showing of a material change of circumstances that is substantial and continuing which would warrant a modification. Therefore, the trial court never reached the point of applying the child support guidelines.
In light of the above and the attendant presumption of correctness accompanying the trial court's findings of fact and the resulting judgment, we find no error by the trial court. Accordingly, this case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.