YATES, Judge.
The trial court divorced the parties on August 29, 1990. The divorce judgment incorporated an agreement in which the mother was to have custody of the parties’ two minor children and the father was to pay $531.20 per month as child support. The child support order complied with the child support guidelines set out in Rule 32, Ala. R. Jud. Admin.
On August 16, 1994, the mother petitioned for a rule nisi, seeking to have the father found in contempt; she alleged, among other things, that the father’s support payments were in arrears. In response, the father petitioned for a modification of child support, alleging that a reduction in his income and an increase in the mother’s income constituted a material change in circumstances. On February 6, 1996, the court, following an ore tenus proceeding, reduced the father’s child support obligation to $529.00 per month, stating that it had computed the child support using the child support guidelines. The court, at prior proceedings, had disposed of the other matters involved in the case.
The father appeals, arguing that the court committed reversible error in relying upon income estimates contrary to those contained in the record in computing the modified amount of child support. The mother did not file an appellee’s brief.
Initially, we note that when ore tenus evidence is presented regarding child support or subsequent requested modifications of a child support order, a presumption of correctness attaches to a judgment based on that evidence. These matters rest soundly within the trial court’s discretion, and rulings on them will not be reversed unless they are plainly and palpably wrong. Bobo v. Bobo, 585 So.2d 54 (Ala.Civ.App.1991).
Modifications of child support obligations are governed by Rule 32, Ala. R. Jud. Admin. The rule currently provides:
“(3) Modifications. The child support guidelines shall be used by the parties as the basis for periodic updates of child support obligations.
“(a) The provisions of any judgment respecting child support shall be modified only as to installments accruing after the filing of the petition for modification.
“(b) There shall be a rebuttable presumption that child support should be modified when the difference between the existing child support award and the amount determined by application of these guidelines varies more than ten percent (10%), unless the variation is due to the fact that the existing child support award resulted from a rebuttal of the guidelines and there has been no change in the circumstances that resulted in the rebuttal of the guidelines.”
It was undisputed that the business owned by the father at the time of the divorce had failed. The father had attempted to build other businesses on two occasions, but those attempts had failed also. At the time of the modification hearing, the father was employed, earning $10.00 per hour and working 40 hours per week. His monthly gross income was approximately $1,730.
Pursuant to Rule 32, Ala.R.Jud.Admin., “Child Support Guideline Form” was included in the record; in that form the trial judge determined that the support payments should be reduced to $529.00. The judge apparently arrived at this figure by imputing to the father an extra $870.00 in monthly gross income. Our review of the record did not reveal the source of this extra income. Rule 32(B)(1), Ala.R.Jud.Admin., provides that a support determination may be based *128 upon “the actual gross income the parent has the ability to earn if the parent is unemployed or underemployed.” However, the court must determine that the parent is “voluntarily” unemployed or underemployed before it may impute income to that parent. Winfrey v. Winfrey, 602 So.2d 904 (Ala.Civ.App.1992).
In the judgment, the court did not make a determination that the father was voluntarily unemployed or underemployed. Further, the record does not indicate a source for the extra monthly income imputed to the father. Accordingly, the judgment is reversed, and the ease is remanded for a determination of child support consistent with this opinion.
The father’s request for an attorney fee on appeal is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE, and CRAWLEY, JJ., concur.