This appeal arises from the trial court's calculation of child support. After determining that Johnny W. Landis is the father of Nan Nelson's minor child, the trial court conducted a trial to determine the parties' child support obligation. On June 9, 1997, the trial court entered an order that, among other things, set the father's child support at $450 per month. On July 8, 1997, the mother filed a motion to reconsider,[1]
arguing that *Page 1300 
the trial court erred in calculating the amount of support under Rule 32, Ala. R. Jud. Admin. On July 22, 1997, the trial court denied that motion. The mother appeals.
A noncustodial parent's child support obligation is governed by the application of Rule 32, Ala. R. Jud. Admin. Harbison v.Harbison, 688 So.2d 876 (Ala.Civ.App. 1997). Where a trial court conducts an ore tenus proceeding on the issue of child support, the judgment of the trial court based on conflicting evidence is entitled to a presumption of correctness. Christiev. Christie, 689 So.2d 126 (Ala.Civ.App. 1996). The matter of child support is within the trial court's discretion, and the trial court's judgment on that matter will not be reversed absent a showing of an abuse of that discretion. Id.
Initially, we note that the application of the Rule 32 child support guidelines is mandatory. Smith v. Smith, 587 So.2d 1217
(Ala.Civ.App. 1991).
 "Nevertheless, if the trial court enters on the record a written finding, supported by evidence presented to it, that the application of the guidelines would be unjust or inequitable, then the trial court has the discretion to deviate from the guidelines. Rule 32(A)(ii), Ala. R. Jud. Admin.; Smith, 587 So.2d at 1218. If the trial court fails to apply the guidelines or to present findings of fact based upon evidence before the court indicating why the guidelines were not followed, this court will reverse. Simmons v. Ellis, 628 So.2d 804 (Ala.Civ.App. 1993)."
State ex rel. Department of Human Resources v. Hogg,689 So.2d 131, 133 (Ala.Civ.App. 1996).
In its order, the trial court purported to set the child support obligation pursuant to the Rule 32 guidelines. In its order, the trial court found the father's income to be $3,762 per month and imputed a monthly gross income of $682.50 to the mother. The trial court then determined the father's child support obligation to be $450 per month.
This court is unable to determine, from the record and from its own calculations of the various potential obligations, how the trial court determined the father's child support obligation. The testimony at trial established that the father works for a business owned by his parents and that his mother pays his child support obligation for two children of a previous marriage, apparently as a part of the father's compensation. It is unclear from the trial court's June 9, 1997, order whether the trial court included the prior support obligation paid by a third party as part of the father's income, pursuant to Rule 32(B)(4), Ala. R. Jud. Admin., or whether that amount is excluded from the father's gross income. It is also unclear whether the prior child support obligation was deducted from the trial court's finding regarding the father's gross income pursuant to Rule 32(B)(6), Ala. R. Jud. Admin.
Further, the mother argues that the trial court could not have included the cost of health insurance and work-related child care in its child support determination. Although the trial court's order does state that the father's child support obligation "includes consideration" of the cost of medical insurance for the parties' minor child, there is no indication that the trial court considered the cost of work-related child care in making its determination. We also note that, as the mother argues, the "actual amount of the total insurance premium for family/dependent coverage" is required to be added to the basic child support obligation. Rule 32(B)(7)(b), Ala. R. Jud. Admin.
Rule 32(E), Ala. R. Jud. Admin., requires that "[a] standardized "Child Support Guidelines" form and a "Child Support Obligation Income Statement/Affidavit" form shall be filed in each action to establish or modify child support obligations and shall be of record and shall be deemed to be incorporated by reference in the court's child support order." In this case, there are no guideline forms in the record and the method by which the trial court determined its child support award is unclear. This court has unsuccessfully attempted, based on the evidence in the record, to determine the manner in which the trial court determined the father's child support *Page 1301 
obligation. Therefore, the trial court's judgment on the issue of child support is reversed. This case is remanded for the trial court to enter a child support determination in compliance with the Rule 32 guidelines, especially with Rule 32(E), Ala. R. Jud. Admin. See State ex rel. McDaniel v.Miller, 659 So.2d 640 (Ala.Civ.App. 1995); Martin v. Martin,637 So.2d 901 (Ala.Civ.App. 1994).
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.
[1] The Alabama Rules of Civil Procedure do not provide for a "motion to reconsider." However, a motion so styled is typically construed as a motion made pursuant to Rule 59(e), Ala. R. Civ. P., if the motion is made within 30 days after the entry of the final judgment or order. Evans v. Waddell,689 So.2d 23 (Ala. 1997); Ex parte Johnson, 673 So.2d 410 (Ala. 1994).