THOMPSON, Judge,
dissenting.
I believe the main opinion misinterprets the child-support provision contained in the parties’ divorce judgment.
The trial court based its judgment on its construction of the child-support provision of the parties’ settlement agreement, which was incorporated into the divorce judgment. That provision states:
“6. Child Support: That the [Father] shall pay to the [Mother] for the support and maintenance of the minor children of the parties child support as specified according to the Child Support Guidelines. Said child support payments shall begin ... and shall continue ... until such time as the youngest child reaches the age of majority, marries, or becomes self-supporting, at which time said amount shall automatically cease.”
(Emphasis added.)
The trial court found that the child-support provision quoted above is unambiguous and that the father had failed to prove changed circumstances not anticipated by the child-support provision. The trial court denied the father’s motion to modify because it concluded the father had agreed to pay child support as it was first established for two children, until the youngest child reaches the age of majority, marries, or becomes self-supporting. In so holding, the trial court found that the parties had “agreed upon [an] amount” of child support. I would agree with the trial court’s judgment if the father had agreed to pay a certain dollar amount until the youngest child reached the age of majority, married, or became self-supporting. However, the parties’ agreement clearly states that the child support will be calculated as “specified according to the Child Support Guidelines.” See Rule 32, Ala. R. Jud. Admin.
At the time of the divorce, the father’s child-support obligation was calculated under the Rule 32 guidelines to provide for the support of two children. At the time the father filed his petition for a modification of child support, the parties’ oldest child had reached the age of majority; therefore, the Child Support Guidelines apply to the calculation of child support for the only remaining minor child.
The application of the Rule 32 Child Support Guidelines is mandatory. Nelson v. Landis, 709 So.2d 1299 (Ala.Civ.App.1998). I would reverse because the trial court did not follow the Child Support Guidelines in establishing the father’s child-support obligation.
The main opinion states that the father failed to present evidence indicating that the needs of the minor child justified a decrease in the father’s child-support obligation. There is a rebuttable presumption that the Child Support Guidelines establish the correct amount of the father’s child-support obligation for the minor child:
*715 “There shall be a rebuttable presumption, in any judicial or administrative proceeding for the establishment or modification of child support, that the amount of the award which would result from the application of these guidelines is the correct amount of child support to be awarded. A written finding on the record indicating that the application of the guidelines would be unjust or inappropriate shall be sufficient to rebut the presumption if the finding is based upon:
“(i) A fair, written agreement between the parties establishing a different amount and stating the reasons therefor; or
“(ii) A determination by the court, based upon evidence presented in court and stating the reasons therefor, that application of the guidelines would be manifestly unjust or inequitable.”
Rule 32(A), Ala. R. Jud. Admin. (Emphasis added.)
Based upon the income affidavits submitted to the trial court, the father’s modified child-support obligation for the one remaining minor child would be less than the amount of support for both children calculated at the time of the original divorce judgment. I conclude that the agreement between the parties, later incorporated into the divorce judgment, did not establish a different amount of child support or state the reasons for such a deviation from the Child Support Guidelines.
Further, neither party presented any evidence regarding the minor child’s needs. Therefore, there was no evidence to rebut the presumption that the child-support obligation as established by the Child Support Guidelines was the correct amount of child support.
The trial court entered a judgment ordering the father to pay child support in an amount exceeding the amount properly calculated under the Child Support Guidelines for the support of the parties’ minor child. The main opinion affirms that judgment. Therefore, I must respectfully dissent.