Deborah Jann Howard Fomby ("the mother") and Jay Timothy Fomby ("the father") were divorced by a May 4, 1992, judgment of the trial court. Two children, a son and a daughter (hereinafter collectively referred to as "the children") were born of the parties' marriage. The divorce judgment awarded the mother and the father joint legal custody and awarded the mother primary physical custody of the children. On May 29, 2001, the father filed a petition seeking to modify custody. On June 14, 2001, the mother filed an answer and a counter-petition, seeking to modify the father's child-support obligation. On August 23, 2001, the father filed a motion to amend his petition for modification to seek custody of only the son; the trial court allowed the father to so amend his petition. On the same date, the father filed an offer of judgment and a motion for a pendente lite hearing seeking an award of temporary custody of the son. On August 30, 2001, the trial court entered an order awarding the father temporary custody of the son.
On September 18, 2001, the father filed a motion to determine child support; in the alternative, he sought to have the current child-support payments placed in an escrow account pending a final hearing. The mother filed a response to the petition. On October 10, 2001, the trial court entered an order ordering the father to pay temporary child support of $430 per month. On November 28, 2001, the trial court held a hearing and received ore tenus evidence. On December 3, 2001, the trial court entered an order awarding the father custody of the son and ordering the father to pay $428.61 per month in child support. On December 10, 2001, the mother filed a motion to alter, amend, or vacate the trial court's order; the trial court denied that motion. On January 11, 2002, the mother filed a motion to include the trial court's handwritten notes in the record on appeal; the trial court denied that motion. The mother timely appealed.
The mother raises only one issue on appeal. The mother asserts that the trial court erred in applying the Rule 32, Ala. R. Jud. Admin., Child Support Guidelines because it failed to incorporate a CS-42 child-support guidelines form into its December 3, 2001, order. If the combination of the parties' income is within the amounts specified in the child-support schedule of Rule 32(A) and (C), Ala. R. Jud. Admin., there is a rebuttable presumption that the amount of child support determined by application of the Child Support Guidelines is the correct amount of child support to be awarded. Rule 32(A), Ala. R. Jud. Admin.
 "[T]his court has consistently held that the application of Rule 32 is mandatory in child-support actions filed on or after October 9, 1989. A trial court may deviate from the child-support guidelines in determining a child-support amount; however, any deviation is improper if it is not justified in writing. In Martin v. Martin, 637 So.2d 901, 902
(Ala.Civ.App. 1994), this court issued the following directive:
 "`We hold, therefore, that the word "shall" in Rule 32(E), Ala. R. Jud. Admin., mandates the filing of a standardized Child Support Guidelines *Page 921 Form and a Child Support Obligation Income Statement/Affidavit Form.'
 "Compliance with Rule 32(E) is mandatory, even though the trial court may find that the application of the guidelines would be unjust or inequitable. When the court determines that application of the guidelines would be manifestly unjust or inequitable, and then deviates from the guidelines in setting a support obligation, the court must make the findings required by Rule 32(A)(ii), Ala. R. Jud. Admin. When Rule 32(E) has not been complied with and child support is made an issue on appeal, this court may reverse the judgment of the trial court and remand the case for further proceedings in compliance with Rule 32."
Thomas v. Norman, 766 So.2d 857, 859 (Ala.Civ.App. 2000) (some citations omitted) (emphasis added). See also Morrison v. Morrison, 837 So.2d 840
(Ala.Civ.App. 2001).
The trial court ordered the father to pay child support in the amount of $428.61 per month. The record contains several "proposed" CS-42 child-support guidelines forms prepared by both parties. However, the amount of child support awarded by the trial court in its December 3, 2001, order does not correspond to the recommended child-support obligation on any of the CS-42 child-support guidelines forms submitted. Rule 32(E), Ala. R. Jud. Admin., mandates the filing of "[a] standardized `Child Support Guidelines' form and a `Child Support Obligation Income Statement/Affidavit' form . . . in each action to establish or modify child support obligations and [those forms] shall be of record and shall be deemed to be incorporated by reference in the court's child support order." Rule 32(E), Ala. R. Jud. Admin.; see also Nelson v. Landis,709 So.2d 1299, 1300 (Ala.Civ.App. 1998). The record in this case does not contain all the child-support guidelines forms required pursuant to Rule 32(E), Ala. R. Jud. Admin., and the trial court's basis for determining the father's child-support obligation is unclear. As was the case in Nelson v. Landis, 709 So.2d 1299, 1300-01 (Ala.Civ.App. 1998), "[t]his court has unsuccessfully attempted, based on the evidence in the record, to determine the manner in which the trial court determined the father's child support obligation." Therefore, this court must reverse the decision of the trial court regarding the issue of child support and remand the case for the trial court to enter a child-support determination that complies with the Rule 32, Ala. R. Jud. Admin., Child Support Guidelines, especially with Rule 32(E), Ala. R. Jud. Admin. SeeNelson v. Landis, supra.
The appellant's request for an attorney fee is denied.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY and PITTMAN, JJ., concur.