Robin Russell ("the wife") appeals a final judgment of divorce. The wife and Darol W. Russell ("the husband") were married on August 29, 1975. Two children were born during the 25-year marriage; one was still a minor at the time of this proceeding. Before their separation, the wife was employed by the State of Alabama and earned $26,251.30 during the year 2000. At the same time, the husband was employed by the City of Sylacauga and earned $63,917.61 per year.[1] In 1977, the couple acquired approximately 65 acres of land from the wife's family. This acreage, located at Route 3, Box 72, Goodwater, included an unfinished house, which the couple completed and occupied as the marital residence. Less than one year before the wife filed for divorce, the husband *Page 1217 
deeded 50 acres (without the house) to the wife.
On February 15, 2001, the wife filed for divorce, alleging incompatibility. The wife requested custody of the minor child, alimony, child support, postminority educational support, and an equitable division of the marital assets and debts. The husband filed an answer and counterclaim on June 14, 2001. After receiving evidence during an ore tenus hearing on June 16, 2001, the trial court entered a final judgment of divorce on July 10, 2001.
The trial court granted the wife temporary use of the marital home and real property until the minor daughter completes college or for two years, whichever occurs first. The trial court ordered the husband and the wife to each pay one-half of the monthly mortgage payment on this property during the wife's temporary use of the property. At the conclusion of two years or when the minor daughter finishes her schooling, the marital property is to be sold and the proceeds divided equally between the husband and the wife. The trial court awarded certain personal items and one vehicle to each party. The trial court awarded the husband his retirement with the State of Alabama and awarded the wife her retirement with the State of Alabama. The trial court ordered the husband to pay $580 per month child support until the minor daughter turns 19; the judgment also stipulated that the husband and the wife each pay one-half of the college expenses of the minor daughter for a maximum of four years. The trial court also ordered the wife to make all payments on the daughter's automobile and to pay one-half of all the daughter's medical expenses not covered by insurance. Although no alimony was awarded in the judgment, the trial court reserved the right to award periodic alimony in the future. The wife filed a timely notice of appeal on July 27, 2001.
The wife appeals. She alleges three grounds of error: (1) that the trial court erred by failing to include the appropriate child support forms required by Rule 32(E), Ala. R. Jud. Admin.; (2) that the trial court erred by including as a marital asset the 50 acres of land; and (3) that the trial court erred by failing to award periodic alimony.
The wife first argues that the trial court committed reversible error by failing to complete a CS-42 as part of its child-support order. This court has consistently held that where the record does not reflect compliance with Rule 32(E) and when child support is made an issue on appeal, this court must remand or reverse and remand for compliance with the rule. Martin v. Martin, 637 So.2d 901, 903 (Ala.Civ.App. 1994).
In the current appeal, no forms are found in the court record, although references are made to the guidelines in some of the testimony during the hearing.[2] Neither the husband nor the wife filed CS-41 forms as required by Rule 32. Rule 32(E), Ala. R. Jud. Admin., requires that
 `[a] standardized "Child Support Guidelines" form and a "Child Support Obligation Income Statement/Affidavit" form shall be filed in each action to establish or modify child support obligations and [those forms] shall be of record and shall be deemed to be incorporated by reference in the court's child support order.'" *Page 1218 
Nelson v. Landis, 709 So.2d 1299, 1300 (Ala.Civ.App. 1998). We conclude that reversible error occurred when the trial court failed to file a CS-42 form or to incorporate one into its child support order. See Fombyv. Fomby, [Ms. 2010508, July 19, 2002] 840 So.2d 919 (Ala.Civ.App. 2002); Fowler v. Fowler, 773 So.2d 491 (Ala.Civ.App. 2000).
The trial court ordered the husband to pay $580 in monthly child support. A thorough review of the record does not reveal how the trial court reached the husband's child-support obligation. "This court has unsuccessfully attempted, based on the evidence in the record, to determine the manner in which the trial court determined the father's child support obligation." Nelson, 709 So.2d at 1300-01. While we certainly agree with the principle that a party who fails to comply with Rule 32 should not be allowed to appeal based upon an error that the complaining party helped to create, here the actual error occurred when the trial court failed to file a CS-42 form; in this case the trial court's basis for determining the husband's monthly obligation is unclear. Therefore, this court must reverse the decision of the trial court regarding the issue of child support, and remand the case for the trial court to secure CS-41 forms from the husband and the wife and to complete a CS-42 form in order to comply with Rule 32(E).
The wife next argues that the trial court erred in considering as marital property 50 acres that she claims as separate property. A divorce judgment based on evidence presented ore tenus is afforded a presumption of correctness. See Robinson v. Robinson, 795 So.2d 729 (Ala.Civ.App. 2001). Such a judgment will be reversed only where it is so unsupported by the evidence as to be plainly and palpably wrong. Id. at 733.
The wife testified that she received the land as part of an inheritance and, in the alternative, also as a gift from her husband. The husband presented testimony and evidence indicating that both the house and the acreage were purchased from the wife's family in 1977. Included in the record is a copy of a deed dated August 1977 conveying 65 acres of land (and the house) to the husband and the wife as joint tenants. Also included in the record is a copy of a deed signed by the husband and conveying to the wife some 50 acres of this same acreage (excluding the house) in May 2000. The husband stated that he deeded his wife the property in an attempt to maintain the marital relationship.
This court has previously defined separate property as "property over which she exercises exclusive control and from which the [husband] derives no benefit by reason of the marital relationship." Gartman v.Gartman, 376 So.2d 711, 713 (Ala.Civ.App. 1978). The trial judge is granted broad discretion in determining whether property acquired before the marriage or received by gift or inheritance was used "regularly for the common benefit of the parties during [the] marriage." See §30-2-51(a), Ala. Code 1975. After reviewing the conflicting testimony and evidence on this issue contained in the record, we cannot say that the trial court abused its discretion by including the 50 acres in the marital estate.
On appeal the division of property and the award of alimony are interrelated, and the entire judgment must be considered in determining whether the trial court abused its discretion as to either issue. SeeO'Neal v. O'Neal, 678 So.2d 161 (Ala.Civ.App. 1996). A property division does not have to be equal to be equitable; a determination of what is equitable rests within the sound discretion of the *Page 1219 
trial court. See Golden v. Golden, 681 So.2d 605 (Ala.Civ.App. 1996).
When dividing marital property and determining the need for alimony, a trial court should consider several factors, including the length of the marriage, the age and health of the parties, the future employment prospects of the parties, the source, value, and type of property owned, and the standard of living to which the parties have become accustomed during the marriage. See Ex parte Elliott, 782 So.2d 308 (Ala. 2000).
Having reviewed the property division above, we must now consider the trial court's failure to award alimony. The record reveals that the husband earns in salary nearly two and one-half times as much as the wife; therefore, his ability to pay alimony is clear. In this case, the wife's need for periodic alimony is especially apparent where the divorce judgment orders the husband and the wife each to pay one-half of the mortgage payments, the minor daughter's college expenses, and the daughter's uninsured medical expenses. The wife is ordered by the court to make all payments on her minor daughter's car loan as well. Due to the large disparity in the husband's and the wife's salary, combined with an equal division of debt payments, the trial court should have ordered a reasonable amount of periodic alimony. Considering the factors set forth in Ex parte Elliott, supra, we conclude that failure to award periodic alimony renders the judgment inequitable. See Nichols v. Nichols, [Ms. 2000900, December 28, 2001] 824 So.2d 797 (Ala.Civ.App. 2001); Bushnellv. Bushnell, 713 So.2d 962 (Ala.Civ.App. 1997). Accordingly, the judgment is due to be reversed and the cause remanded. The trial court is instructed on remand to review the division of property and to enter an equitable order regarding periodic alimony.
We affirm the trial court's judgment insofar as it includes as marital property the 50 acres, but we reverse its judgment insofar as it fails to award periodic alimony to the wife. On remand, the trial court must also obtain CS-41 forms from the husband and the wife as well as complete a CS-42 form to comply with Rule 32(E), Ala. R. Jud. Admin.
The wife's request for an attorney's fee on appeal is granted in the amount of $750.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
Yates, P.J., concurs.
Crawley, Thompson, and Murdock, JJ., concur in the result.
[1] The husband testified that his current salary was $61,454 after deducting his qualified plan deposits and before adding any bonus.
[2] By order of this court on June 18, 2002, the trial court was reinvested with jurisdiction for 14 days to submit a CS-42 form to comply with Rule 32(E); the trial court submitted no form and stated in its return to this court that it used none of the required forms in its child-support calculations.