According to the record, the husband earned $36,887.62 in 1999 and $31,952.57 in 2000, while the wife earned nearly $25,000 annually at the time of trial. The wife is vested in the State's retirement plan, whereas the husband has been working temporarily at a construction site and has been attempting to start his own business as a hardware installer. Based on the wife's 16 years of employment with the State, even if her health requires her to stop working sometime in the future, she will have access to retirement and/or disability income.
I would not reverse a trial court's judgment solely for failing to reserve the issue of periodic alimony unless one of the parties had a disproportionately larger income or greater assets compared to the other party's income or assets.
Here, however, the trial court established the father's monthly child-support obligation as $636, but failed to file a CS-42 form so as to demonstrate how it reached that determination. This court has repeatedly admonished trial courts to adhere to the requirements of Rule 32(E), Ala.R.Jud.Admin. In this case, the trial *Page 1292 
court's failure to file a CS-42 form or to incorporate one into its child-support judgment constitutes reversible error. See Russell v. Russell, [Ms. 2001106, September 6, 2002] 844 So.2d 1215 (Ala.Civ.App. 2002); Fowler v. Fowler,773 So.2d 491 (Ala.Civ.App. 2000). A thorough review of the referee's recommendation and the parties' income testimony does not reveal how the trial court calculated the husband's child-support obligation. I have "unsuccessfully attempted, based on the evidence in the record, to determine the manner in which the trial court determined the father's child support obligation." Nelson v. Landis, 709 So.2d 1299, 1300-01
(Ala.Civ.App. 1998). I therefore concur in the main opinion as to that issue.
Because the trial court's judgment in this case must be reversed, I agree that the trial court may also consider reserving the issue of periodic alimony when it enters its judgment on remand. However, to the extent that the main opinion can be construed so as to require reservation of that issue in every case, I cannot join in that opinion; therefore, I respectfully dissent as to the periodic-alimony issue.
 *Page 414