PITTMAN, Judge.
In June 2001, Charles Greg Bradford (“the father”) filed in the Franklin Circuit Court a petition to modify the custody of the two minor children born of the father’s marriage to Denise Renee Bradford James (“the mother”) and to modify the child-support provisions of the parties’ divorce judgment. The mother filed a motion to dismiss, which the trial court denied, and an answer generally denying the allegations of the father’s complaint; the mother later filed an amended answer that also contained a counterclaim. The mother’s counterclaim alleged that the father was in arrears in his child-support payments and asked that he be held in contempt. After an ore tenus proceeding, the trial court issued its judgment on March 21, 2002. The trial court refused to modify custody or to modify the child-support provisions in the divorce judgment. Both parties filed postjudgment motions that were denied by operation of law. See Rule 59.1, Ala. R. Civ. P. The father appealed.
“When [an appellate court] reviews a trial court’s child-custody determination that was based upon evidence presented ore tenus, we presume the trial court’s decision is correct: ‘ “A custody determination of the trial court entered upon oral testimony is accorded a presumption of correctness on appeal, and we will not reverse unless the evidence so fails to support the determination that it is plainly and palpably wrong....” ’ Ex parte Perkins, 646 So.2d 46, 47 (Ala.1994), quoting Phillips v. Phillips, 622 So.2d 410, 412 (Ala.Civ.App.1993) (citations omitted). This presumption is based on the trial court’s unique position to directly observe the witnesses and to assess their demeanor and credibility. This opportunity to observe witnesses is especially important in child-custody cases. ‘In child custody cases especially, the perception of an attentive trial judge *1186 is of great importance.’ Williams v. Williams, 402 So.2d 1029, 1032 (Ala.Civ.App.1981). In regard to custody determinations, this Court has also stated: ‘It is also well established that in the absence of specific findings of fact, appellate courts will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous.’ Ex parte Bryowsky, 676 So.2d 1322, 1324 (Ala.1996).”
Ex parte Fann, 810 So.2d 631, 633 (Ala.2001).
I.
The father first argues that the trial court erred when it failed to modify the previous custody order and grant him joint custody of the parties’ two minor children. The father argues that he has met the burden established in Ex parte McLendon, 455 So.2d 863 (Ala.1984), for a change in custody. We have long held:
“[W]hen a noncustodial parent seeks to modify the custody provision of a prior judgment, the evidentiary standards set forth in Ex parte McLendon, 455 So.2d 863 (Ala.1984), must be applied. The petitioning parent must show that a change in custody will materially promote the child’s best interests and welfare. Id. That parent must also show that the good brought about by the change in custody would more than offset the inherently disruptive effect caused by uprooting the child. Butts v. Startley, 600 So.2d 310 (Ala.Civ.App.1992).”
Etheridge v. Etheridge, 712 So.2d 1089, 1091 (Ala.Civ.App.1997). The father described his reasons for wanting to gain custody of his children as follows:
“I filed [the motion to modify custody] because I’ve lost five years of time being with my children and experiencing things with them that a father or any parent in general would want to take and experience with them. I’ve been limited on what I can do with them because I’m always having to run and make up the income on seven days and work. Take off weekends I could take and spend some time with my children. I’m missing time with them and I’m not getting to spend — five more years it would be over. I mean, I won’t be able to — they will be 18, 19 years old, they would spend more time with their stepfather than they did their own natural father.”
Additionally, the father argues that the mother has interfered with his ability to exercise his visitation with the parties’ minor children and that she has attempted to destroy or diminish the children’s relationship with the father. The father cites Calabrisi v. Boone, 470 So.2d 1255 (Ala.Civ.App.1985), for the proposition that interfering with custody may provide a valid reason for a change of custody. What the father fails to note is that, while that general proposition is true, this court, in Cala-brisi, found that the evidence in that case did not show that the mother had a plan to destroy or diminish the children’s relationship with the father. Here, we find the evidence also shows no intent on the part of the mother to destroy or diminish the relationship between the father and the parties’ children. In fact, as far as visitation is concerned, there is some evidence showing that the mother had extended the father’s visitation on a number of occasions when she was not obligated to. Also, the children’s testimony shows that while each child has a favorite parent, their attitudes toward, and relationship with, each parent seem to be affectionate and appropriate.
Having carefully reviewed the record in its entirety, we conclude that the trial court properly could have concluded that a *1187 change in custody would not materially promote the children’s best interests and that any good brought about by the change in custody would not offset the inherently disruptive effect caused by uprooting the children. Therefore, we find no error as to the trial court’s judgment concerning custody of the parties’ children.
II.
Next, the father contends that the trial court erred in failing to modify the child-support provisions in the parties’ divorce judgment; he asserts that the necessary child-support-guideline forms do not appear in the record to support the trial court’s conclusion that the child-support award should not be modified. We agree. This court has consistently held that where the record does not reflect compliance with Rule 32(E), Ala. R. Jud. Admin, (which requires the filing of “Child Support Obligation Income Statement Affidavit” forms (“CS-41 forms”) and a “Child Support Guidelines” form (“CS-42 form”)), and where child support is made an issue on appeal, this court will remand or reverse and remand for compliance with the rule. Martin v. Martin, 637 So.2d 901, 903 (Ala.Civ.App.1994).
The record on appeal contains each parties’ CS-41 form; however, there is no CS — 42 form prepared by either the court or the parties in the record.
“Rule 32(E), Ala. R. Jud. Admin., requires that ‘[a] standardized “Child Support Guidelines” form and a “Child Support Obligation Income Statement/Affidavit” form shall be filed in each action to establish or modify child support obligations and [that those forms] shall be of record and shall be deemed to be incorporated by reference in the court’s child support order.’ ”
Nelson v. Landis, 709 So.2d 1299, 1300 (Ala.Civ.App.1998). We conclude that reversible error occurred when the trial court failed to file a CS-42 form or to incorporate one into its child-support judgment. See Fomby v. Fomby, 840 So.2d 919 (Ala.Civ.App.2002); Fowler v. Fowler, 773 So.2d 491 (Ala.Civ.App.2000).
The trial court’s judgment specified that there would be no modification of the father’s original weekly support payment of $139. However, the information given in the parties’ CS-41 forms shows deductions by both parties for the children’s insurance and also indicates that, if the income numbers were to be applied as they would be in a properly calculated CS-42 form, the support amount would have to change at least somewhat. Without speculating on what the proper child-support amount should be, we simply note that “[t]his court has unsuccessfully attempted, based on the evidence in the record, to determine the manner in which the trial court determined the father’s child support obligation.” Nelson, 709 So.2d at 1300-01. The reason we are unable to do so is because of the absence from the record of a CS-42 form containing proper calculations. Therefore, the trial court’s judgment on the issue of child support is due to be reversed and the cause remanded for that court to complete a properly calculated CS-42 form in order to comply with Rule 32(E), Ala. R. Jud. Admin.
Based on the above, we affirm the trial court’s judgment as to the issue of child custody, and we reverse that portion of the judgment concerning the child-support award. On remand, the trial court should complete a properly calculated CS-42 form in order to comply with Rule 32(E), Ala. R. Jud. Admin.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
*1188 YATES, P.J., and CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.