THOMPSON, Presiding Judge.
Antonio L. Warren, Sr. ("the husband"), appeals from a judgment of the Jefferson Circuit Court divorcing him from Felicia Warren ("the wife"), dividing the marital property and debts, and awarding the wife alimony and $3,000 toward her attorney fee.
On appeal, the husband contends that the trial court's division of marital assets was inequitable and that there was no reason for what he says is an inequitable distribution. He also contends that the trial court failed to consider the husband's ability "to meet the alimony obligation based upon information presented at trial." The third issue the husband raises on appeal is whether the trial court considered certain factors when directing the husband to pay $3,000 toward the wife's attorney fee, including the earning capacity of the parties, the results of the litigation, the conduct of the parties, and the financial circumstances of the parties.
It is undisputed that a trial was held on May 4, 2017. In its judgment, the trial court states that its decision was reached considering, among other things, the ore tenus testimony of the parties. The record shows that trial subpoenas were issued, and the witness lists the parties exchanged indicated that several witnesses were expected to be called to testify. However, the record on appeal does not contain a transcript of the trial. The notice of appeal indicates that a transcript was not ordered. The form shows a check in the box next to the sentence saying "Transcript will not be ordered," so the failure to obtain a transcript is not an oversight.
Additionally, no statement of the evidence made pursuant to Rule 10(d), Ala. R. App. P., is included in the record on appeal.
" 'An appellant bears the burden of ensuring that the record contains sufficient evidence to warrant reversal.' Bobo v. Bobo, 585 So.2d 54, 56 (Ala. Civ. App. 1991). '[W]hen, as in this case, "oral testimony is considered by the trial court in reaching its judgment and that testimony is not present in the record as either a transcript or Rule 10(d), A[la]. R. A[pp]. P., statement, it must be conclusively presumed that the testimony [was] sufficient to support the judgment.'' ' Beverly v. Beverly, 28 So.3d 1, 4 (Ala. Civ. App. 2009) (quoting Rudolph v. Rudolph, 586 So.2d 929, 930 (Ala. Civ. App. 1991) )."
*1148 L.D.K. v. V.K., [Ms. 2160205, June 23, 2017] --- So.3d ----, ---- (Ala. Civ. App. 2017).
Without a trial transcript or a Rule 10(d) statement of the evidence, this court has no way to review the issues presented in this appeal, all of which involve a review of the evidence and are not simply questions of law. Because we must conclusively presume that the testimony presented at trial was sufficient to support the judgment, the judgment of the trial court is affirmed.
AFFIRMED.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.